Grafton, ⎱
Dec., 1899. ⎰

## BRISTOL CREAMERY CO. *v.* TILTON.
### SAME *v.* DALTON.
### SAME *v.* EMMONS.

Where subscriptions to corporate stock are in excess of the authorized issue
and no allotment has been made, the subscribers are not liable for an as-
sessment upon the shares.

ASSUMPSIT, for an assessment upon corporate stock. Plea, the
general issue. Facts found by the court. The corporation was
formed under the general law, in May, 1893, with a capital of
$2,500, divided into 100 shares of the par value of $25 each.
The associates took no steps to have the stock subscribed, but the
defendants without authority obtained subscriptions for 107
shares. There was no formal ratification of the defendants' acts,
but on September 16, 1893, at a meeting of directors elected by
the associates at the first meeting held in May, it was voted " to
instruct the secretary to . . . assess the stockholders five dollars
per share." No allotment or apportionment of the stock was ever
made so as to avoid the over-subscription.

*Dearborn & Chase*, for the plaintiffs.

*Lewis W. Fling* and *Leach & Stevens*, for the defendants.

PIKE, J. Even if the vote by which the secretary was
instructed to " assess the stockholders five dollars per share " was
an implied ratification of the defendants' acts, the subscribers for
the 107 shares did not thereby become shareholders in the corpo-
ration. There was authority for the issuance of only 100 shares,
and until these should be allotted or apportioned no contract of
membership could exist upon which either the corporation or sub-
scribers would be liable. *Melvin* v. *Hoitt*, 52 N. H. 61, 67. No
allotment or apportionment having been made, the subscribers
never became shareholders in the corporation or liable for any of
the shares subscribed.

*Judgment for the defendants.*

CHASE, J., did not sit: the others concurred.